IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN G. HARRIS,

        Petitioner,

v.                                                  Criminal Action No. 5:05-CR-41

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S RULE 60(b) MOTION BE DENIED

### I. Introduction

On December 20, 2005, The Honorable Frederick P. Stamp, Jr., United States District Judge sentenced Petitioner Shawn G. Harris to serve fifty seven months in prison for conspiracy to distribute in excess of five grams of cocaine base.[1] Harris is currently incarcerated and serving that sentence.

On June 15, 2006, Harris, *pro se*, filed this motion in this criminal action styled Motion Justifying Relief from the Operation of the Judgment Under Federal Rule of Civil Procedure 60(b)(6).[2] The United States responded on August 15, 2006.[3] Defendant replied on August 22, 2006.[4]

---

[1] Docket No. 113

[2] Docket No. 166

[3] Docket No. 170

[4] Docket No. 171

## II. Discussion

Harris asks this Court to reduce his sentence under Federal Rule of Civil Procedure 60(b)(6). He raises two issues under this Rule. First, Harris claims reducing his sentence will serve the best interests of his family. He notes he and his wife are both incarcerated and their infant daughter is in the care of Harris' mother. Harris asks the Court to reduce his sentence so he may care for his daughter. Second, Harris claims his plea agreement implicitly required the government to ask for a downward departure in his sentence under Federal Rule of Criminal Procedure 35 because of the substantial assistance he provided. Harris requests the Court grant him this departure. Although Harris raises this matter under Rule 60(b), the Court will address this claim as an independent Rule 35 motion due to the liberal pleading rules accorded to *pro se* litigants. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating that "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

Regarding Harris' Rule 60(b) claim, a criminal defendant cannot use the Federal Rules of Civil Procedure to challenge his conviction or sentence. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (dealing with a Rule 60(b) motion).[5] Federal Rule of Civil Procedure 1 plainly states that "These rules govern the procedure in the United States district courts in all suits of a civil nature." The Rules apply in cases of a civil, not criminal, nature. Id. They cannot be used in a criminal proceeding. Mosavi, 138 F.3d at 1366. Thus, Harris cannot use Rule 60(b) to attack the underlying criminal proceedings.

---

[5] Various unpublished precedent also supports this notion. See, e.g., United States v. Zuluaga, 2006 U.S. App. LEXIS 20881 (11th Cir.); United States v. Ramsey, 1997 U.S. App. LEXIS 565 (7th Cir.).

Federal Rule of Criminal Procedure 35 governs correcting and reducing sentences. Sentence reductions for substantial assistance are governed by Federal Rule of Criminal Procedure 35(b)(1) and (b)(2). Both sections require the government to move the Court to reduce a defendant's sentence. Fed. R. Crim. P. 35(b)(1); (b)(2). The Fourth Circuit has held that "the decision not to make a downward departure is within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). The only exception to the government's prerogative is when the government declines to ask for a substantial assistance reduction based on a constitutionally impermissible motivation. Wade v. United States, 504 U.S. 181, 186 (1992). Unless a defendant can make a "substantial threshold showing" of these impermissible motives, the inquiry must end. United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000). However, the government only receives such unfettered discretion when it does not bind itself by a plea agreement, for the government may make a plea agreement obligating it to file a Rule 35 motion and the Court may review its failure to file it. United States v. Hartwell, 448 F.3d 707, 714 (4th Cir. 2006).

The Court concludes Harris was not entitled to a have the government file a Rule 35 motion under his plea agreement and therefore his motion must fail. The plea agreement does not contain any provision relating to a Rule 35 motion.[6] Rather, as the government's brief asserts, the agreement simply provided the government would ask for a three level sentence reduction under the Guidelines. Thus, the matter was one of prosecutorial discretion. Since Harris has made no "substantial threshold showing" of constitutionally impermissible government motives, his Rule 35 argument is unpersuasive.

---

[6] Docket No. 62

For the foregoing reasons, the Court recommends Harris' motion be DENIED.

## III. RECOMMENDATION

This Court hereby recommends that Harris' Motion Justifying Relief from the Operation of the Judgment Under Federal Rule 60(b)(6) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the district judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to any *pro se* parties and all counsel of record.

DATED: September 26, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE