**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SHAWN G. HARRIS,**

    **Petitioner,**

    v.                                                            **Civil Action No. 5:06CV141
                                                                             Criminal Action No. 5:05CR41-01
                                                                             (JUDGE STAMP)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED
ONLY ON THE ISSUE THAT PETITIONER INSTRUCTED COUNSEL
TO FILE A NOTICE OF APPEAL**

**I. Introduction**

On November 20, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response January 26, 2007. Petitioner filed a response to the Government's Response February 6, 2007. The undersigned entered a Report and Recommendation July 9, 2007 that the § 2255 be denied on three grounds and setting an evidentiary hearing on the remaining ground. The evidentiary hearing was held September 6, 2007. Testimony was taken from Petitioner, Shawn G. Harris, his mother, Ann E. Harris, and his former counsel, J. Perry Manypenny.

**II. Findings of Fact and Conclusions of Law**

Findings of Fact

Mr. Harris signed a plea agreement October 14, 2005. He entered his plea October 18, 2005 before the Honorable Frederick P. Stamp, Jr. Mr. Harris testified that Mr. Manypenny indicated that the likely sentence would be fifty-seven (57) months. Mr. Harris received a copy

of the presentence report and reviewed it with Mr. Manypenny in the first half of November, 2005. On December 12, 2005, Mr. Harris appeared in Court on the day originally scheduled for imposition of sentence. The sentencing was continued until December 16, 2005 because Mr. Harris did not understand he was to be sentenced that day. Either the next day or the day after Mr. Harris testified he went to Mr. Manypenny's office and told him he wanted Mr. Manypenny to withdraw as counsel and withdraw his plea. Mr. Harris testified if he was not permitted to withdraw his plea, he wanted to appeal. Mr. Harris told Mr. Manypenny he wanted Mr. Manypenny to withdraw as counsel and to withdraw his plea immediately prior to the second sentencing hearing December 18, 2005. If he could do neither, Mr. Harris testified that he told Mr. Manypenny he wanted to file an appeal. Mr. Manypenny moved to withdraw as counsel at the December 16, 2005 sentencing hearing. The motion was denied. The sentencing proceeded. Mr. Harris was sentenced to fifty-seven (57) months imprisonment. Mr. Harris was remanded to the custody of the United States Marshals Service and placed in the Northern Regional Jail. Mr. Harris testified he wrote Mr. Manypenny from the Northern Regional Jail and instructed him to file an appeal.

Mr. Harris' mother testified she visited her son at the Northern Regional Jail after the sentencing hearing. She called Mr. Manypenny's office the next day and talked to a woman who answered the telephone. Mrs. Harris requested to talk to Mr. Manypenny. Mr. Manypenny was out of the office. Mrs. Harris told the woman who answered the phone she was calling on behalf of her son who wanted Mr. Manypenny to file an appeal of his case. The woman said she would give Mr. Manypenny the message. Mr. Manypenny did not return her call. Mrs. Harris called back and spoke to the same woman. Again, Mr. Manypenny did not return her call.

Later, in March of 2006, Mrs. Harris did speak to Mr. Manypenny. They did not discuss the appeal. They did discuss Mr. Manypenny's withdrawal from the case.

Mr. Manypenny testified Mr. Harris never requested Mr. Manypenny to appeal his case either orally or in writing. Mr. Manypenny testified Mr. Harris wanted to fire him. Mr. Manypenny said Mr. Harris did not want to hear what Mr. Manypenny had to say. Mr. Harris had a child who was born prematurely who had health problems and transportation problems which impeded communication between Mr. Harris and Mr. Manypenny.

By a slight preponderance of the evidence, I find it more likely than not that Mr. Manypenny was instructed to file an appeal.

## Conclusions of Law

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se - irrespective of the merits of the appeal. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). The remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

## Recommendation

I recommend Mr. Harris' original judgment be vacated and a new judgment entered because I find it more likely than not that Mr. Harris instructed Mr. Manypenny to appeal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely

3

file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 26, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE