IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SHAWN G. HARRIS,

    Petitioner,

v.                             Civil Action No. 5:06CV141
                              (Criminal Action No. 5:05CR41)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE
JUDGE'S REPORTS AND RECOMMENDATIONS,
DENYING PETITIONER'S "MOTION JUSTIFYING RELIEF
FROM THE OPERATION OF THE JUDGMENT UNDER
FEDERAL CIVIL RULE 60(b)(6)",
GRANTING PETITIONER'S § 2255 PETITION AS TO GROUND ONE,
DENYING PETITIONER'S § 2255 PETITION AS TO GROUND TWO,
DENYING AS MOOT PETITIONER'S § 2255 PETITION AS TO GROUND THREE,
VACATING THE JUDGMENT IN THIS ACTION AND
DIRECTING THE UNITED STATES PROBATION OFFICE
TO PREPARE JUDGMENT AND COMMITMENT ORDER**

I. <u>Background</u>

Pro se[1] petitioner, Shawn G. Harris, is currently serving a fifty-seven month period of imprisonment for conspiracy to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1(B). The petitioner filed two pleadings seeking to correct his sentence. First, he filed a motion styled, "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)." Next, he filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1237 (7th ed. 1999).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued three reports and recommendations recommending disposition of the matters contained in the petitioner's motion and habeas corpus petition. In each report and recommendation, the magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed objections to the first two reports and recommendations but did not file objections to the third one.

For the reasons set forth below, this Court concludes that the magistrate judge's reports and recommendations must be affirmed and adopted in their entirety. Accordingly, this Court will deny the petitioner's "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)," and will grant in part and deny in part the petitioner's petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed objections to the first report and recommendation, this Court would normally undertake a de novo review of the matters before it. However, because this Court's disposition of the second report and recommendation renders moot the matters addressed in the first report and recommendation, and because no objections were filed to the second report and recommendation, this Court reviews the matters before it for clear error.

III. Discussion

A. "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)"

On June 15, 2006, the petitioner filed what he styled as a "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)". Petitioner argues for a reduction of his sentence on the basis of extreme hardship (he has an infant daughter, both of whose parents are incarcerated) and on the basis of substantial assistance. Magistrate Judge Seibert issued a report and recommendation in which he correctly recharacterized the motion as a motion for reduction of sentence filed pursuant to Federal Rule of Criminal Procedure 35(b), and recommending that the petitioner's claim be denied because only the government can move for a Rule 35(b) reduction of sentence for substantial assistance.

3

The petitioner filed objections which are a blend of arguments supporting his § 2255 petition and additional details regarding his demonstrated willingness to assist law enforcement authorities. The petitioner also repeats his argument that his 8-month-old daughter's situation warrants a reduction in his sentence.

Federal Rule of Criminal Procedure 35(b)(1) states:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

In applying this rule, courts have found that "[a] mere showing of substantial assistance by the defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the government." United States v. Marshall, 197 F.R.D. 449 (D.C. Kan. 2000). The government has the discretion to file a Rule 35(b) motion, and a court may only review the government's refusal to do so for abuse of discretion if: (1) the government is obligated by a plea agreement to move for such a departure; or (2) the refusal was based on an unconstitutional motive, such as the defendant's race or religion. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181 (1992)).

Here, the petitioner claims that this Court should grant him a reduction in sentence under Rule 35(b) because of substantial assistance he states that he provided relating to a criminal investigation. This Court will not question the value of any

assistance which may have been provided by the petitioner.  Rather, this Court notes that the decision to make a Rule 35(b) motion lies solely with the government.  Wade, 504 U.S. at 185; see also Fed. R. Crim. P. 35(b).  Moreover, the petitioner's argument that he should be granted a sentence reduction because of his family circumstances does not fall within the purview of Rule 35.[2]  Thus, based upon a de novo review of the petitioner's motions, this Court lacks the authority to grant a sentence reduction.

B. Habeas Corpus Petition

On November 20, 2006, the petitioner filed a § 2255 habeas corpus petition stating three grounds for relief and requesting an evidentiary hearing on his claim that he informed his counsel to file a notice of appeal.  Ground One asserts a claim for ineffective assistance of counsel for failure to file a notice of appeal upon petitioner's request.  Ground Two alleges ineffective assistance of counsel for failure to obtain further sentence reductions for substantial assistance, pursuant to Rule 35. Finally, Ground Three seeks a sentence reduction pursuant to the then-pending amendments to the crack cocaine sentencing guidelines.

Magistrate Judge Seibert entered two reports and recommendations on the petitioner's habeas corpus petition.  The

---

[2]To the extent that the petitioner relies upon Federal Rule of Civil Procedure 60(b), it should be noted that such rule is not applicable to criminal judgments.  Rather, it is a rule which may used to request a court to reconsider a final judgment in habeas corpus and other civil cases.  See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases.")

first recommended that the petitioner's § 2255 be denied and dismissed, except for Ground One (ineffective assistance of counsel for failure to file an appeal when instructed by petitioner to do so), for which he set an evidentiary hearing and appointed counsel to the petitioner for that hearing.

The petitioner filed objections in which he argues, correctly, that the report and recommendation fails to address Ground Two and Ground Three on the merits.  The petitioner did not object to that portion of the report and recommendation setting an evidentiary hearing on Ground One.

Thereafter, the magistrate judge held an evidentiary hearing on the petitioner's claim that counsel failed to file an appeal as requested.  After that hearing, the magistrate judge issued a third report and recommendation in which he recommends that the § 2255 petition be granted on Ground One, the claim of ineffective assistance of counsel for failure to file an appeal.  The report further recommends that the petitioner's original judgment be vacated and a new judgment be entered from which the petitioner may take an appeal.  No objections were filed to this third report and recommendation.

This Court therefore reviews for clear error the matters addressed by the third report and recommendation, to which no objections were filed, and reviews de novo the matters addressed by the second report and recommendation, to which objections were filed.  Thus, Ground One, which is addressed in the third report

6

and recommendation, is reviewed under a clearly erroneous standard, and Grounds Two and Three are reviewed de novo.

1. Ground One--Ineffective Assistance of Counsel for Failure to File an Appeal

As noted above, two of the petitioner's asserted grounds for relief are based upon a claim of ineffective assistance of counsel. Ground One alleges that the petitioner received ineffective assistance of counsel because the petitioner instructed his attorney to file an appeal, and his attorney then failed to do so. As the magistrate judge correctly noted in his third report and recommendation, counsel for a criminal defendant provides per se ineffective assistance when the defendant instructs counsel to file an appeal and counsel fails to do so irrespective of the merits of the appeal. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). The remedy in such cases is to vacate the original judgment and enter a new judgment from which an appeal can be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Here, the magistrate judge found by a slight preponderance of evidence that the petitioner instructed his counsel to file an appeal. This Court finds no clear error in the magistrate judge's findings. Accordingly, the third report and recommendation must be affirmed and adopted in its entirety, the petitioner's § 2255 petition must be granted on Ground One, and the judgment must be vacated and a new judgment entered from which the petitioner may take an appeal.

2. <u>Ground Two--Ineffective Assistance of Counsel for Failure to Obtain Further Sentence Reductions for Substantial Assistance Pursuant to Rule 35</u>

Ground Two of the § 2255 petition alleges that counsel for the petitioner provided ineffective assistance by failing to move for a sentence reduction for the assistance the petitioner provided to the United States in a criminal investigation. This claim is essentially the same one the petitioner advanced in his "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)". As discussed in detail above, the decision to make a Rule 35(b) motion lies solely with the government. <u>Wade</u>, 504 U.S. at 185; <u>see also</u> Fed. R. Crim. P. 35(b). The government has elected not to do so in this case. Accordingly, after conducting a <u>de novo</u> review, this Court concludes that its has no authority to grant a sentence reduction under Rule 35. Ground Two of the § 2255 petition must therefore be denied.

3. <u>Ground Three--Sentence Reduction Pursuant to 18 U.S.C. § 3582</u>

Ground Three of the petitioner's § 2255 petition seeks a sentence reduction on the basis of the Sentencing Guideline Amendments to crack cocaine offense. At the time he filed his petition, the amendments had not become effective. However, after the amendments became effective and after the magistrate judge issued his reports and recommendations, the petitioner, by counsel, filed a motion for retroactive application of the sentencing

8

guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. That motion was granted and the petitioner's sentence adjusted downward accordingly. Having reviewed this matter de novo, this Court concludes that Ground Three of the petitioner's petition must be dismissed as moot.

V. Conclusion

For the foregoing reasons, the magistrate judge's reports and recommendations (Docs. 172, 183, and 188) are AFFIRMED and ADOPTED in their entirety. Accordingly, the petitioner's "Motion Justifying Relief from the Operation of the Judgment Under Federal Civil Rule 60(b)(6)" is DENIED, and the petitioner's claims filed pursuant to 28 U.S.C. § 2255 are GRANTED IN PART and DENIED IN PART. Specifically, it is ORDERED that the § 2255 petition be GRANTED as to Ground One. It is also ORDERED that the § 2255 petition be DENIED as to Ground Two and that the § 2255 petition be DENIED AS MOOT as to Ground Three. It is further ORDERED that the judgment entered by this Court on December 20, 2005 be VACATED so that an amended judgment may be entered from which the petitioner may file an appeal. The United States Probation Office is hereby DIRECTED to prepare an amended judgment in accordance with this order. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the petitioner has **ten days** after the entry of the amended judgment within which to file a notice of appeal.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein, and to the United States Probation Office.

DATED:   June 19, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE